Claire Bailey, Director Department of Information Services One Capitol Mall Post Office Box 3155 Little Rock, AR 72203
Dear Ms. Bailey:
I am writing in response to your request for my opinion on the following question:
 In light of the provisions of A.C.A. §§ 25-4-105(6), 25-4-122(a)(1), 25-4-123(b) and 25-4-121(c), must the Department of Information Services (DIS) transfer amounts deducted for depreciation expenses for equipment acquisition in year-end surplus calculations to the Information Technology Reserve Fund or must DIS otherwise segregate said funds from other operating funds of the agency?
In explaining this question, you indicate that DIS interprets A.C.A. §25-4-122(a)(1) and 25-4-123(b) "as authorizing, not mandating, the accumulation of a reserve fund for equipment acquisition." You further suggest that "[t]he Information Technology Reserve Fund is not the exclusive mechanism through which DIS is authorized to purchase information technology." Specifically, you suggest that A.C.A. §§25-4-105(6) and -121(c) additionally authorize DIS to acquire equipment with funds from its Revolving Fund — a practice you report DIS has followed in the past.
RESPONSE
I must respectfully decline to respond to your request because the question of what costs charged by DIS to state agencies receiving federal grants are "allowable" as consistent with state law is currently the subject of administrative litigation in Arkansas Department of Information Systems, Health and Human Services Board Docket A-02-42. See
Office of Management and Budget Circular A-87, Cost Principles forState, Local and Indian Tribal Governments ("OMB A-87") (reciting the conditions for calculating overcharges or undercharges to state agencies for purposes of determining the federal government's entitlement to a reimbursement of grant funds). This office has long followed a policy of not opining on matters that are the subject of pending litigation. This policy has consistently been applied to matters pending before administrative agencies as well as before the courts. See, e.g., Ark. Ops. Att'y Gen. Nos. 99-139; 97-329; 97-105; 96-137; 92-360 and 90-114.
I regret that I could not be of assistance in this matter.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh